UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE CITY DIVISION
3:12-cv-421-FDW
(3:04-cr-39-FDW-5)

| | |
|---|---|
| TIMOTHY HOWARD WALDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 or, alternatively, for relief under 28 U.S.C. § 2241. (Doc. No. 1). For the reasons that follow, the Court denies and dismisses the Motion to Vacate.

**I. BACKGROUND**

On March 30, 2005, Petitioner pled guilty without a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (Count 1), and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 13). (3:04-cr-39-5, Doc. No. 227: Judgment; Doc. No. 198: Acceptance and Entry of Guilty Plea).

On August 15, 2005, after finding that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1, the Court sentenced Petitioner to 262 months' imprisonment. (Id., Doc. No. 227). As a career offender with a timely filed Section 851(a)(1) with at least two but less than

-1-

3.5 kilograms of cocaine, Petitioner faced a statutory sentence of ten years to life, and a guideline sentencing range of 262-327 months at offense level 34 (37 minus three levels for acceptance of responsibility), and a criminal history category of VI. (Id., Doc. No. 422 at ¶¶ 42; 53, 54; 62: PSR).

On October 20, 2005, Petitioner filed a timely notice of appeal. (Id., Doc. No. 247). On February 5, 2007, the Fourth Circuit Court of Appeals upheld Petitioner's conviction and sentence. United States v. Walden, 216 F. App'x 352 (4th Cir. 2007). On appeal, Petitioner specifically challenged the career offender designation, arguing that two separate prior drug convictions should have been consolidated to count as only one conviction. The Fourth Circuit affirmed, holding that this Court had correctly found that Petitioner had two prior drug offenses for purposes of designating him as a career offender. Id. at 352-53. On June 4, 2007, the U.S. Supreme Court denied Petitioner's petition for writ of certiorari. Walden v. United States, 551 U.S. 1110 (2007).

On December 1, 2011, Petitioner placed the instant § 2255 motion in the prison system for mailing, and it was stamp-filed on December 5, 2011.[1] In the motion to vacate, Petitioner contends that he is entitled to relief under Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), McNeill v. United States, and the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that the Fourth Circuit's holding in Simmons demonstrates that his prior state felony drug convictions did not qualify him for career offender status under U.S.S.G. § 4B1.1.[2] Petitioner moves the Court for resentencing without

---

[1] Petitioner originally filed the § 2255 petition in the Eastern District of North Carolina, and that court transferred the petition to this Court on July 12, 2012.

[2] Under U.S.S.G. § 4B1.1, a defendant is a career offender if he was at least eighteen years old

-2-

Case 3:12-cv-00421-FDW   Document 9   Filed 04/03/13   Page 2 of 5

consideration of the prior state court felony convictions.  (3:04-cr-39-5, Doc. No. 1 at 6).

Finally, on November 17, 2008, and then again on August 3, 2012, the Court found that Petitioner was not entitled to a sentence reduction based on the crack cocaine amendments.  See (Id., Doc. Nos. 315; 413).

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief.  Section 2255(f) provides:

(f)     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

---

when the instant offense was committed, the instant offense is a felony and is either a crime of violence or a drug offense, and the defendant has at least two prior felony convictions for crimes of violence or drug offenses.  See U.S.S.G. § 4B1.1.

-3-

prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final on June 4, 2007, when the U.S. Supreme Court denied Petitioner's petition for writ of certiorari. Because Petitioner did not file his motion to vacate until June 5, 2012, his motion is untimely under § 2255(f)(1). Petitioner concedes that he did not file the § 2255 petition within one year of the date on which his conviction became final. Petitioner contends, however, that relief under § 2241 is appropriate because Petitioner is "actually innocent" of being a career offender. The "savings clause" of § 2255 permits a petitioner to file a motion under § 2241 when traditional relief by a § 2255 motion is "inadequate" or "ineffective" to test the legality of detention, and the instant matter cannot be raised under § 2255. Here, Petitioner has not shown that traditional relief under § 2255 is inadequate or ineffective. It is well settled that relief under § 2255 is not inadequate or ineffective merely because petitioner may not obtain relief under § 2255 because the petition is time-barred. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Thus, Petitioner may not proceed alternatively under § 2241. In sum, the § 2255 petition is time-barred.

Finally, even if the Court were to apply equitable tolling to Petitioner, he would still not be entitled to Simmons relief because he received a sentence that was within the statutory

-4-

maximum sentence allowed. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012).

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED** as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 2, 2013

Frank D. Whitney
United States District Judge